# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHARON A. SEYMOUR,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
CH-0752-20-0425-I-1

DATE:  June 26, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sharon A. Seymour</u>, Chicago, Illinois, pro se.

<u>Jason Rudie</u>, Minneapolis, Minnesota, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her mixed-case appeal as untimely filed.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the length of the filing delay, we AFFIRM the initial decision.

## BACKGROUND

Effective October 4, 2018, the appellant resigned from the position of Accounts Receivable Technician. Initial Appeal File (IAF), Tab 10 at 25. Thereafter, she filed a formal equal employment opportunity (EEO) complaint, alleging that she had been subjected to a hostile work environment based on race (Black) and retaliation for prior EEO activity, and that she had been forced to resign due to the discrimination and reprisal. *Id*. at 13-24. The agency issued a final agency decision (FAD) dated February 26, 2020, finding that the appellant had not shown that she was subjected to the alleged harassment, retaliation, or constructive discharge. *Id*. at 18-20. The FAD clearly notified the appellant of her right to appeal her mixed-case constructive discharge complaint to the Board within 30 days of her receipt of the decision. *Id*. at 21. The certificate of service indicated that the agency transmitted the FAD via first class mail to the appellant at the address she later provided to the Board in her initial appeal form. IAF, Tab 1 at 3, Tab 10 at 24.

On June 12, 2020, the appellant filed the present appeal alleging that she had been subjected to a constructive discharge. IAF, Tab 1 at 4. She acknowledged that her appeal "should have been submitted prior to April 1, 2020," but she "ask[ed] that [her] late request be considered because all the resources [she] needed to submit the documents were closed due to the pandemic of COVID-19." *Id*. at 1. The appellant submitted a copy of the FAD and stated that she had received it on February 26, 2020. *Id*. at 4, 10-21. She requested "legal assistance" from the Board "due to the unavailability of legal representation and [her] inability to complete this case alone." *Id*. at 2. The appellant maintained that she lacked legal counsel regarding her EEO complaint and "as a result dates were incorrectly entered" and she was unaware that she needed to submit proof of her claims until she received the FAD. *Id*. at 4.

The administrative judge issued an order on timeliness, notifying the appellant that her mixed-case appeal appeared to be untimely filed by 66 days and ordering her to submit evidence and argument showing that the appeal was timely filed or that good cause existed for the delay. IAF, Tab 3 at 1-4. In her response, the appellant maintained that she had "no idea" that the Board was operating during the pandemic. IAF, Tab 6 at 4. She also claimed that she "had no way of obtaining needed information and printing that info without the use of libraries and other office service facilities that were also closed due to Covid." *Id*. The appellant asserted that she has been "declared disabled" by the Social Security Administration in November 2018 for certain mental and physical conditions. *Id*. She also set forth circumstances related to the pandemic from March to April 2020, including quarantining and obtaining testing for COVID-19, but maintained that she had been given no medical evidence for her virtual medical appointment and drive-up testing. *Id*. The appellant submitted various documents concerning her purported disability status, related to Medicare, unemployment insurance, and student loan forgiveness. IAF, Tab 6 at 6-16, Tab 9 at 4-6. She also submitted documents related to her EEO complaint and evidence in support of her

allegations.  IAF, Tab 7 at 1-6; Tab 11 at 4-14; Tab 12 at 4-12; Tab 13 at 4-5. The agency's narrative response did not address the issue of timeliness.  IAF, Tab 10 at 4-5.

Without holding the requested hearing, the administrative judge dismissed the appeal as untimely filed.  IAF, Tab 15, Initial Decision (ID) at 1, 6.  She found that, applying the Board's presumption that documents placed in the U.S. mail are received within 5 days, the appellant received the FAD on March 2, 2020.  ID at 4.  Therefore, the June 10, 2020 initial appeal was filed more than 3 months after the 30-day deadline.  *Id*.  The administrative judge found that the appellant failed to establish good cause for her untimely filing.  ID at 4-6.  She found that the appellant's lack of legal counsel did not excuse her untimeliness and that the appellant presented no basis for her claims that she was unaware that the Board was operational during the pandemic.  ID at 5.  Finally, the administrative judge found that the appellant did not demonstrate how her unspecified disability impaired her ability to timely file an appeal, particularly as the appellant had filed her appeal "promptly" after finding out that the Board was operational.  *Id*.

The appellant has filed a petition for review, arguing that the administrative judge did not take into consideration the unique circumstances surrounding her appeal, specifically her high-risk medical condition during the pandemic. Petition for Review (PFR) File, Tab 1 at 5-6.  She also maintains that the agency should not have sent out the FAD during the pandemic.  *Id*. at 6.  The appellant requests that the Board waive the timeliness issue due to her high-risk medical condition during the pandemic and submits for the first time on review a letter from her medical provider.  *Id*. at 8, 10.  The agency has not filed a response to the petition for review.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant bears the burden of proving by preponderant evidence[2] that she timely filed her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(B). When, as here, an employee timely files a mixed-case formal complaint of discrimination with her employing agency regarding a matter that is within the Board's jurisdiction, she may file an appeal with the Board after receiving the FAD. *See Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 9 (2014). For an appeal to be considered timely, it must be filed within 30 days after the employee receives the agency's resolution or final decision on the discrimination issue. 5 C.F.R. § 1201.154(b)(1). If any appellant fails to timely file her appeal, it will be dismissed as untimely filed absent a showing of good cause for the filing delay. 5 C.F.R. § 1201.22(c). To establish good cause, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014).

Here, the certificate of service on the FAD states that the agency served the document on the appellant via first class mail on February 26, 2020. IAF, Tab 6 at 24. The agency served the appellant at the same address that she provided as her address of record in the present appeal. IAF, Tab 1 at 3, Tab 6 at 24. The administrative judge correctly found that the appellant received the FAD on March 2, 2020, for purposes of the filing deadline. ID at 4; *see Butler v. Department of Veterans Affairs*, 119 M.S.P.R. 112, ¶ 5 (2013) (stating that the Board has recognized a presumption that documents placed in the mail are received within 5 days when there is direct evidence, such as a certificate of service, establishing when a document was deposited in the mail). Therefore, the deadline for filing her initial appeal was April 1, 2020. *See* 5 C.F.R. § 1201.154(b)(1). The appellant acknowledged this filing deadline and her receipt of the FAD in her initial appeal. IAF, Tab 1 at 1, 4. Because the

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

appellant did not file her appeal until June 10, 2020, her appeal was untimely filed by 70 days. However, the administrative judge erroneously found that the appellant filed her appeal "more than three months late" and "more than 90 days after the deadline." ID at 4. Regardless of the specific length of the filing delay, the initial appeal was untimely filed by at least 2 months. Thus, we discern no basis to disturb the administrative judge's determination that the appeal was untimely filed, and the appellant has not contested this finding on review. PFR File, Tab 1 at 5-8.

On petition for review, the appellant challenges the administrative judge's finding that there was not good cause for her filing delay, and she argues that the administrative judge did not appropriately consider her high-risk medical condition during the COVID-19 pandemic. PFR File, Tab 1 at 5-8. Although the appellant generally raised her purported disabling conditions in response to the timeliness order, during the pendency of her appeal she attributed her filing delay to her inability to access needed resources due to the pandemic and claimed that she had "no idea" that the Board was operating at the time. IAF, Tab 1 at 1, Tab 6 at 4. She also submits for the first time on review a letter from a physician dated August 12, 2020, three days prior to the issuance of the initial decision. *Id*. at 10. The letter states that, due to unspecified "chronic medical conditions," the appellant is considered high-risk in relation to the COVID-19 and that from "the period of February 15th through April 15th, it would've been unadvisable for her to patronize any public facilities unless absolutely necessary or alternative options unavailable." *Id*.

Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider a new argument raised for the first time on review

absent a showing that it is based on new and material evidence). The medical letter submitted by the appellant for the first time on review was written after the close of the record and shortly before the issuance of the initial decision. PFR File, Tab 1 at 10; IAF, Tab 3 at 3-5. Regarding the new evidence, the appellant also states that she was only given 10 days by the administrative judge to obtain evidence from her medical provider, who had cancelled her appointment in early March 2020. PFR File, Tab 1 at 6. Although we do not find that the appellant has adequately explained why it took her approximately 2 months to obtain the letter from her physician, we have considered it, as it was unavailable before the close of the record below.

Even considering the medical opinion, we find that the appellant has not provided good cause for her filing delay. The appellant's own statements and evidence in response to the timeliness order below contradict her claim on review that she was unable to timely file her appeal due to disabling medical conditions. Despite the physician's statement that it was "unadvisable for her to patronize any public facilities" for the 2-month period beginning February 15, 2020, PFR File, Tab 1 at 10, the unemployment insurance letter stated that the appellant's last day worked was March 1, 2020, and identified the reason she was unemployed as "Laid-Off (Lack of Work)," IAF, Tab 9 at 6. Moreover, as noted by the administrative judge, the appellant maintained that she submitted her appeal "[a]s soon as [she] learned things were in operation." ID at 5; IAF, Tab 6 at 4. Finally, the appellant provides no explanation why her medical conditions prevented her from timely filing her appeal but allowed her to do so at a later date during the continuing pandemic. Therefore, we agree with the administrative judge that the appellant failed to show good cause for her filing delay. ID at 4-6; *see Marcantel*, 121 M.S.P.R. 330, ¶ 10.

Accordingly, we deny the petition for review and affirm as modified the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.